IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TERRY JEFFERY HOOD, #458699 | § | |
| VS. | § | CIVIL ACTION NO. 9:06cv165 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be dismissed as time-barred and because it lacks merit. Both parties have filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the parties to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the parties lack merit.

It is specifically noted that the Director agreed that the petition is time-barred, but he argued that the Magistrate Judge erroneously concluded that the deadline for the present petition to be filed was tolled during the pendency of the prison system's time dispute resolution proceedings. He further argued that if the deadline is tolled at all, it should be tolled no more than 180 days. A Texas prison inmate, however, may not file an application for a writ of habeas corpus in state court in order to exhaust his state habeas corpus remedies until he has complied with the requirements of Tex. Gov't Code § 501.0081, requiring him to first file a time credit dispute resolution form with prison officials. The Texas Court of Criminal Appeals will dismiss any application for a writ of habeas corpus about time credit issues where an inmate failed to comply with the statute. *Ex parte*

*Shepherd*, 65 S.W.2d 673, 674 (Tex. Crim. App. 2002); *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000). The provisions of 28 U.S.C. § 2244(d)(2) provide that the time a state post-conviction or other collateral review is pending shall toll the deadline. Both the Fifth Circuit and the Northern District of Texas have concluded that the limitations period is tolled during the pendency of administrative proceedings. *Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002); *Hunter v. Quarterman*, No. 4:06cv342A, 2006 WL 2914162 at *2, 5 (N.D. Tex. Oct. 11, 2006). In *Hunter*, the Northern District concluded that the inmate was entitled to have the deadline tolled 503 days due to the pendency of administrative proceedings. *Id.* at *5. The Court is in agreement with the reasoning of the Northern District. The Director's arguments to the contrary lack merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **6** day of **November, 2006.**

_____
Ron Clark, United States District Judge

2